UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERICA VINSON, TAYLOR TAYLOR,
And MARK GOLDENBERG

    Plaintiffs,

v.

CASE NO.:

THEE TREE HOUSE, LLC, and
THOMAS ORTIZ,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Erica Vinson, Taylor Taylor, and Mark Goldenberg, by and through undersigned counsel, hereby sues Defendants, Thee Tree House, LLC, and Thomas Ortiz, and in support of these claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and unpaid wages under Florida common law.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as this case arises under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. This Court has pendant jurisdiction over the state law claims.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. All Plaintiffs are residents of Hillsborough County, Florida.

5. Defendants operates a restaurant in Tampa, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiffs has satisfied all conditions precedent, or they have been waived.

7. Plaintiffs has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiffs requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

11. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendants continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendants were and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiffs were essential to the business performed by Defendants.

## FACTS

16. Plaintiff Erica Vinson (Plaintiff Vinson) began working for Defendants in January 2020 as both a Bartender and Manager, and she worked in this capacity until December 2021.

17. In exchange for Plaintiff Vinson's services, Defendants agreed to pay Plaintiff Vinson an hourly rate as a Bartender plus tips.

18. Defendants failed to pay Plaintiff Vinson all wages owed to her, including approximately three weeks of paychecks and tips.

19. Plaintiff Vinson's paychecks she is owed constitute "wages" under Florida common law, as well as under Fla. Stat. Section 448.08.

20. Defendants' failure to pay Plaintiff Vinson all of her wages, including three weeks of paychecks and tips, was willful.

21. Defendants informed Plaintiff Vinson she may only get the pay she is owed if the building is sold.

22. Plaintiff Taylor Taylor (Plaintiff Taylor) began working for the Defendants in September 2020 as a Bartender and worked in this capacity until December 2021.

23. In exchange for Plaintiff Taylor's services, Defendants agreed to pay Plaintiff Taylor an hourly rate as a Bartender plus tips.

24. Defendants failed to pay Plaintiff Taylor all of the wages owed to him, including approximately three weeks of paychecks.

25. Plaintiff Taylor's paychecks he is owed constitute "wages" under Florida common law, as well as under Fla. Stat. Section 448.08.

26. Defendants' failure to pay Plaintiff Taylor all of his wages, including three weeks of paychecks, was willful.

27. Plaintiff Mark Goldenberg (Plaintiff Goldenberg) began working for the Defendants in June 2021 as a Manager and worked in this capacity until January 2022.

28. In exchange for Plaintiff Goldenberg's services, Defendants agreed to pay Plaintiff Goldenberg an hourly rate as a Front of the house Manager.

29. Defendants failed to pay Plaintiff Goldenberg all of the wages owed to him, including approximately three weeks of paychecks.

30. Plaintiff Goldenberg's paychecks he is owed constitute "wages" under Florida common law, as well as under Fla. Stat. Section 448.08.

31. Defendants' failure to pay Plaintiff Goldenberg all of his wages, including three weeks of paychecks, was willful.

32. The owner of Defendant operates several businesses and comingles money from each of them.

33. Plaintiffs were required to clock in and out through a system at Defendants' restaurant.

34. Defendants' actions were willful and showed reckless disregard for the provisions of the FLSA.

35. Defendant Thomas Ortiz (Defendant Ortiz) is an officer/director of Thee Tree House, LLC and, in this capacity, Defendant Ortiz was responsible for setting the wages of and hours worked by Plaintiffs. Defendant Ortiz controlled all facets of Plaintiffs' employment, including the duties they were assigned to perform. Defendant Ortiz controlled the day-to-day activities of the corporate Defendant, Thee Tree House, LLC., including exercising control over Plaintiffs and all Thee Tree house, LLC employees. Thus, Defendant Ortiz is an employer within the meaning of the FLSA

## COUNT I – FLSA MINIMUM WAGE VIOLATION

36. Plaintiffs realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

37. During the statutory period, Plaintiffs worked hours while employed by Defendants, and Plaintiffs were not compensated for all those hours in accordance with the FLSA'S minimum wage requirements.

38.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

39.     As a result of the foregoing, Plaintiffs has suffered damages.

**WHEREFORE**, Plaintiffs demand:

- a) Judgment against Defendants for an amount equal to all Plaintiffs unpaid back wages at the applicable minimum wage;
- b) Judgment against Defendants stating that Defendants' violations of the FLSA were willful;
- c) An equal amount to all Plaintiffs minimum wage damages as liquidated damages;
- d) To the extent liquidated damages are not awarded, an award of prejudgment interest;
- e) A declaratory judgment that Defendants' practices as to Plaintiffs were unlawful;
- f) All costs and attorney's fees incurred in prosecuting these claims; and
- g) For such further relief as this Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW

40.     Plaintiffs realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

41. Plaintiffs worked for Defendants during the statutory period, and Defendants agreed to pay Plaintiffs for Plaintiffs' services.

42. Defendants failed to compensate Plaintiffs with all "wages" owed to Plaintiffs.

43. As a result of the foregoing, Plaintiffs has suffered damages.

**WHEREFORE**, Plaintiffs demand:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages;

    d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

    e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues so triable.

Dated this 23rd day of August, 2022.

                                         Respectfully submitted,

                                         *s/ Amanda E. Heystek*
                                         **AMANDA E. HEYSTEK**
                                         Florida Bar Number: 0285020
                                         Direct Dial: 813-379-2560
                                         **DANIEL E. HEYSTEK**
                                         Florida Bar No.: 1025094
                                         Direct Dial: 813-438-8821
                                         **WENZEL FENTON CABASSA, P.A.**
                                         1110 N. Florida Avenue, Suite 300
                                         Tampa, Florida 33602
                                         Main Number: 813-224-0431
                                         Facsimile: 813-229-8712
                                         Email: aheystek@wfclaw.com
                                         Email: dkalter@wfclaw.com
                                         Email: rcooke@wfclaw.com
                                         Attorneys for Plaintiffs