UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ERICA VINSON**; **TAYLOR TAYLOR**; and **MARK GOLDBERG**,

    Plaintiffs,

v.                              Case No. 8:22-cv-1928-WFJ-SPF

**THEE THREE HOUSE, LLC**; and **THOMAS ORTIZ**,

    Defendants.
_____/

## ORDER

Before the Court is Erica Vinson, Taylor Taylor, and Mark Goldberg's (collectively, "Plaintiffs") Motion for Summary Judgment (Dkt. 37). Thomas Ortiz ("Defendant") has responded in opposition (Dkt. 45), and Plaintiffs have replied (Dkt. 49). Upon careful consideration, the Court grants Plaintiffs' Motion.

## BACKGROUND

Plaintiffs are former employees of Thee Three House, LLC (the "Restaurant"). Dkt. 1 at 3–5. Defendant is the managing member of 1809 W. Platt St., LLC, which was the sole managing member of the Restaurant during Plaintiffs' employment. Dkt. 45-1 at 5. Plaintiffs claim that Defendant failed to pay them approximately three weeks' worth of wages when they left their jobs. Dkt. 1 at 3–5.

On August 23, 2022, Plaintiffs brought the instant suit. Dkt. 1. Plaintiffs assert two counts against both Defendant and the Restaurant: Count I—minimum wage violation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and Count II—unpaid wages under Florida common law. *Id.* at 5–7. On December 21, 2022, however, the Restaurant filed a Suggestion of Bankruptcy. Dkt. 17. All proceedings against it have since been stayed. Dkt. 19.

Following discovery, Plaintiffs filed their Motion for Summary Judgment as to Defendant Ortiz. Dkt. 37. Plaintiffs request that the Court find that: (1) Plaintiffs are subject to FLSA coverage; (2) Defendant, in his individual capacity, is an "employer" under the FLSA; and (3) Plaintiffs have established liability against Defendant on their FLSA minimum wage and Florida common law wage claims. *Id.* at 1–2. Defendant maintains that material issues of fact remain as to these issues unless Plaintiffs' Request for Admissions are deemed admitted. Dkt. 45 at 1–3.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.*

The moving party bears the initial burden of identifying those portions of the record demonstrating the lack of a genuinely disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If met, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) (citation omitted). To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must go beyond the pleadings and "identify affirmative evidence" that creates a genuine factual dispute. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998).

In determining whether a genuine dispute of material fact exists, the Court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving party. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). In addition, the Court must resolve any reasonable doubts in the non-moving party's favor. *Id.* Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita*, 475 U.S. at 587.

## DISCUSSION

The Court begins by addressing the import of Defendant's Objection and Response to Plaintiffs' Request for Admissions (the "Response"). *See* Dkt. 35. Federal Rule of Civil Procedure 36(a)(3) provides that "[a] matter [subject to a proper request for admission] is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." "[F]acts deemed admitted by operation of Rule 36 because of Defendants' failure to respond in any manner to Plaintiffs' requests for admissions may serve to support the grant of summary judgment in favor of Plaintiffs." *Nick-O-Val Music Co. v. P.O.S. Radio, Inc.*, 656 F. Supp. 826, 828 (M.D. Fla. 1987) (citing *Stubbs v. Comm'r of I.R.S.*, 797 F.2d 936, 937–38 (11th Cir. 1986)); *see also In re Fancher*, 802 F. App'x 538, 542–43 (11th Cir. 2020) (finding that a party's untimely response to a request for admission "automatically converted the matter in [the requesting party's] requests into admissions"). "Once a matter is admitted, it is 'conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended.'" *In re Fancher*, 802 F. App'x at 543 (citing Fed. R. Civ. P. 36(b)) (emphasis added).

Here, there is no dispute that the Response was technically untimely. Plaintiffs served Defendant their Request for Admissions on May 26, 2023. Dkt. 29-1 at 16. Defendant did not produce his Response until July 11, 2023. Dkt. 35 at 13.

4

Defendant argues that the Court should ignore this for three reasons: (1) Defendant requested an extension; (2) Plaintiffs' counsel agreed to such an extension; and (3) "good cause" exists for an extension under Federal Rule of Civil Procedure 6(b) because Defendant had objections. Dkt. 45 at 1–3. The Court disagrees. To begin with, Defendant never filed a request for extension with the Court. He also presents no evidence that he ever requested an extension with Plaintiffs' counsel, let alone one that they agreed to. The only evidence on this point is the email presented by Plaintiffs that show Defendant apologizing for missing deadlines and then simply stating that he was going to get it done in about a week. *See* Dkt. 49-1 at 1. Accordingly, even if there was a stipulated extension, Defendant missed it. Finally, the Court finds that there is no good cause to excuse Defendant's untimeliness. Rule 36 is clear that an answer or objection to a request for admissions is due within 30 days of service. *See* Fed R. Civ. P. 36(a)(3). Defendant provided his Response, which contained both objections and answers, 46 days after service. It was therefore late. The matters contained within Plaintiffs' Request for Permission are deemed admitted under Rule 36. *See In re Fancher*, 802 F. App'x at 543.[1]

---

[1] In the Eleventh Circuit, courts "must apply a two-part test in deciding whether to grant or deny a motion to withdraw or amend admissions." *In re Fancher*, 802 F. App'x at 543. The test asks: (1) whether granting relief would serve the interests of ruling on the merits; and (2) whether granting relief would prejudice the opposing party. *Id.* at 541. Because Defendant filed no such motion for relief, however, this test is inapplicable.

## I. FLSA

The Court now turns to the merits of Plaintiffs' Motion, beginning with the FLSA. To prevail on a minimum wage compensation claim under the FLSA, a plaintiff must establish: "1) the defendant employed her; 2) either (a) the defendant was engaged in interstate commerce, or (b) the defendant is an enterprise engaged in interstate commerce; and 3) the defendant did not pay her the minimum wage." *Holland v. Westside Sportsbar & Lounge, Inc.*, No. 6:19-CV-945-ORL-41GJK, 2020 WL 7390724, at *2 (M.D. Fla. Oct. 13, 2020), *report and recommendation adopted*, No. 6:19-CV-945-ORL-41GJK, 2020 WL 7390683 (M.D. Fla. Nov. 4, 2020). Plaintiff requests summary judgment on each of these issues.

### a. Whether Defendant Employed Plaintiffs (and Whether Defendant is an "Employer" under the FLSA)

The FLSA defines "employ" as "to suffer or permit to work," an "employee" as "any individual employed by an employer," and an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." § 203(g); § 203(e)(1); § 203(d). Given these expansive definitions, the Eleventh Circuit has held that an employee covered by the FLSA "may file suit directly against an employer that fails to pay him the statutory wage, or make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall*

6

*Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citations omitted). It follows that an individual acting directly or indirectly in the interest of an employing entity is only an "employer" for FLSA purposes if he or she meets these two requirements. To determine whether they are met, Courts employ an "economic reality test" which asks whether the subject individual: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997) (citations omitted).

Notwithstanding any facts admitted through Rule 36, there is no genuine dispute that Plaintiffs were employees, and that Defendant was their employer. Plaintiffs worked for the Restaurant in various roles prior to January 2022. Dkt. 39-1 at 1; Dkt. 39-2 at 1; Dkt. 39-3 at 1. Defendant admitted that he was the managing partner of the LLC that was itself the sole managing member of the Restaurant at this time. Dkt. 45-1 at 5. In addition, Plaintiffs have submitted sworn affidavits that Defendant had the power to fire and hire them, that Defendant controlled all facets of their employment, that Defendant was responsible for setting wages, and that Defendant controlled the operations of the Restaurant. Dkt. 39-1 at 1–2; Dkt. 39-2 at 1–2; Dkt. 39-3 at 1–2. Defendant cannot defeat these sworn affidavits by merely relying on denials of the pleadings. *See Crawford-El*, 523 U.S. at 600 (finding that

the non-moving party must go beyond the pleadings and "identify affirmative evidence" that creates a genuine factual dispute). Because Defendant has done nothing more, *see* Dkt. 45, summary judgment in Plaintiffs' favor is appropriate on these issues.

> **b.   Whether Defendant or Plaintiffs were Engaged in Interstate Commerce**

In order to be "covered" by the FLSA, Plaintiffs must show one of the following: (1) they were engaged in commerce or in the production of goods for commerce (individual coverage); or (2) Defendant was engaged in commerce or in the production of goods for commerce (enterprise coverage). *See Holland*, 2020 WL 7390724, at *3.

Under the FLSA, an enterprise[2] is engaged in commerce or in the production of goods for commerce if it:

> [1] has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . [2] is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

---

[2] Under the FLSA, "enterprise" is defined in pertinent part as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements[.]"

§ 203(s)(1)(A)(i)–(ii). "District courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08CV2033ORL22KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.,* 303 Fed. App'x. 802, 805 (11th Cir. 2008)).

Once again, notwithstanding any facts admitted through Rule 36, Defendant has failed to meet his shifted burden of "com[ing] forward with specific facts showing that there is a genuine issue for trial" concerning these matters. *Shaw*, 884 F.3d at 1098. Plaintiffs have submitted sworn affidavits declaring that, as employees of Defendant, they handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce. *See* Dkt. 39-1 at 1–2; Dkt. 39-2 at 1–2; Dkt. 39-3 at 1–2. This included ordering and selling wine that was produced in California and Italy for a "bottomless wine" night. *Id.*; *see also* Dkt. 37 at 6 (referencing an article advertising Defendant's bottomless wine night). Plaintiff Erica Vinson has also sworn to the fact that, as a manager, she had personal knowledge that the Restaurant grossed sales in excess of $33,000 a week. Dkt. 39-1 at 2. Even if she is off by $10,000, this equates to over $1,000,000 a year. In response to these averments, Defendant merely stands on the denials included in his pleadings and untimely Response. *See* Dkt. 45. This is not enough to show that there is a

genuine issue for trial. *See Crawford-El*, 523 U.S. at 600. The Court consequently rules in favor of Plaintiffs on these issues.

    **c.    Whether Defendant Failed to pay Plaintiffs**

The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the" federally mandated rate. § 206(a). Here, Defendant has come forward with no facts to rebut Plaintiffs' affidavits declaring that they were not paid for the final two or three weeks of their employment. *See* Dkt. 39-1 at 2–3; Dkt. 39-2 at 2; Dkt. 39-3 at 2. Defendant instead, once again, relies on his denials of Plaintiffs' pleadings. *See* Dkt. 45. This does not create a genuine issue of fact for trial. Defendant is liable under the FLSA as to Plaintiffs.

**II.    Unpaid Wages Under Florida Common Law**

In considering FLSA and Florida common law unpaid wage claims that are brought together and dependent on the same set of facts, courts have found that the establishment of entitlement to unpaid wages under the FLSA equates to entitlement to relief for unpaid wages under Florida common law. *See Perez v. Mediglez Wellness Ctr., Inc.*, No. 8:12-CV-2751-T-33EAJ, 2013 WL 5566183, at *4 (M.D. Fla. Oct. 8, 2013) (finding that, "for the reasons [plaintiff] is entitled to unpaid wages under the FLSA, the Court finds that [plaintiff] is entitles to relief for unpaid wages

10

under Florida common law); *Baker v. Fid. Mortg. Direct Corp.*, No. 8:10-CV-2596-T-24, 2011 WL 1560665, at *2 (M.D. Fla. Apr. 25, 2011) (finding that "Plaintiffs are entitled to relief for unpaid overtime under the FLSA and unpaid wages under Florida common law"). Accordingly, Plaintiffs' entitlement to FLSA relief serves to establish Defendant's liability for unpaid wages under Florida common law.

## CONCLUSION

Defendant is liable under the FLSA and Florida common law. The precise amount of liability might be computed through a further summary judgment procedure. Plaintiffs shall set forth their damages in a summary judgment filing within fourteen (14) days. Any response by Defendant is due fourteen (14) days thereafter.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Plaintiffs' Motion for Partial Summary Judgment (Dkt. 37) is **GRANTED**.

(2) Further summary judgment proceedings are ordered, see above.

**DONE AND ORDERED** at Tampa, Florida, on September 8, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record