## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ERICA VINSON**; **TAYLOR**
**TAYLOR**; and **MARK GOLDBERG**,

      Plaintiffs,

v.                                                              Case No. 8:22-cv-1928-WFJ-SPF

**THEE TREE HOUSE, LLC**;
and **THOMAS ORTIZ**,

      Defendants.

_____/

### ORDER

Before the Court is Erica Vinson, Taylor Taylor, and Mark Goldberg's (collectively, "Plaintiffs") Motion for Summary Judgment as to damages (Dkt. 54), as well as Thomas Ortiz's ("Defendant") notice of opposition (Dkt. 55), which the Court views as a motion for reconsideration.[1] Upon careful review, the Court grants-in-part and denies-in-part Plaintiffs' Motion and declines to reconsider prior rulings.

---

[1] Defendant's responsive notice seeks to "bring information the Court's attention regarding" issues Defendant believes to be relevant to the Court's prior Summary Judgment Order (Dkt. 53), which pertained to liability. Dkt. 55 at 2. Defendant, proceeding *pro se*, states that "I understand that there is no rule that is designed to allow the filing of motions for rehearing and/or reconsideration of interlocutory orders. This is not intended to be an unauthorized motion for rehearing and/or reconsideration" *Id.* at 1. While the Court appreciates Defendant's candor, his reliance on out-of-district caselaw is misplaced. *Id.* at 2. In the Middle District of Florida, Federal Rules of Procedure 59 and 60 can be treated as vehicles to request reconsideration of interlocutory summary judgment orders. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (finding that "[a] motion for reconsideration may be brough pursuant to Rule 59(e) or Rule 60(b)"). The Court will therefore treat Defendant's notice as such a request or motion.

## BACKGROUND

Plaintiffs are former employees of Thee Tree House, LLC ("the Restaurant"). Dkt. 1 at 3–5. Defendant is the managing member of 1809 W. Platt St., LLC, which was the sole managing member of the Restaurant during Plaintiffs' employment. Dkt. 45-1 at 5. On August 23, 2022, Plaintiff's brought the instant lawsuit claiming that Defendant failed to pay them multiple weeks' worth of wages when they left their jobs. Dkt. 1 at 3–5.

On September 8, 2023, the Court granted summary judgment to Plaintiffs and found Defendant liable for minimum wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Count I), and unpaid wages violations under Florida common law (Count II). *See* Dkt. 53. In so doing, the Court explained that Defendant's untimely Response/Objections to Plaintiffs' Request for Admissions resulted in default admissions by Defendant concerning the matters contained therein. *Id.* at 4–5. The Court nevertheless also found that, notwithstanding any facts admitted through Rule 36, no genuine issue of fact existed as to Defendant's liability under the FLSA or Florida common law. *Id.* at 6–11.

On September 22, 2023, Plaintiffs brought a Motion for Summary Judgment as to damages. Dkt. 54. Plaintiff Vinson requests $6,018.00 in individual damages, Plaintiff Taylor requests $1,160.00 in individual damages, Plaintiff Goldenberg requests $2,047.50 in individual damages, and Plaintiffs collectively request

$4,235.00 in attorneys' fees as well as $1,024.50 in costs. *Id.* at 1–2. Defendant does not contest these numbers. He instead requests that "the Court consider [his arguments relating to the Court's Rule 36 findings] and enter whatever [order] that it deems appropriate, in light of all the facts and circumstances." Dkt. 55 at 4.

## LEGAL STANDARDS

### I.    Reconsideration

"A motion for reconsideration may be brought pursuant to Rule 59(e) or Rule 60(b)." *Sussman*, 153 F.R.D. at 694 (citations omitted) (considering a motion for reconsideration pertaining to an interlocutory summary judgment order). "Reconsideration of a prior order[,]" however, "is an extraordinary remedy to be used sparingly." *Drew v. Ocwen Loan Servicing, LLC*, No. 8:14-CV-369-T-26TGW, 2014 WL 10504424, at *1 (M.D. Fla. Apr. 29, 2014). And "courts have delineated [only] three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman*, 153 F.R.D. at 694 (citations omitted).

### II.   Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). An issue

of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.*

The moving party bears the initial burden of identifying those portions of the record demonstrating the lack of a genuinely disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If met, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) (citation omitted). To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must go beyond the pleadings and "identify affirmative evidence" that creates a genuine factual dispute. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998).

In determining whether a genuine dispute of material fact exists, the Court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving party. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). In addition, the Court must resolve any reasonable doubts in the non-moving party's favor. *Id.* Summary judgment should only be granted "[w]here

the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita*, 475 U.S. at 587.

## DISCUSSION

### I.    Reconsideration

The Court begins by noting that it will not reconsider its previous Rule 36 or general liability rulings. Defendant asserts, once again, that he failed to respond in a timely matter to Plaintiffs' Request for Admissions because he had legitimate objections. Defendant essentially argues that the Court "was unaware" of the nature of these objections and that, if it had taken such things into account, the Court might have ruled differently. Dkt. 55 at 3. As the Court explained in its prior Order, Rule36(a)(3) provides that answers and objections to a request for admissions are due 30 days after service. *See* Dkt. 53 at 4; Fed. R. Civ. P. 36(a)(3). The nature of Defendant's objections was therefore irrelevant to the Court's Rule 36 ruling—they were untimely, and Defendant failed to show good cause. Further, as the Court also explained in its prior Order, Defendant's admissions did not form the basis of the Court's liability findings. Dkt. 53 at 6–11. He simply failed to demonstrate any issues of material fact that could have precluded summary judgment on liability. It follows that the Court has no reason to reconsider either of its previous rulings. Defendant has shown no change in controlling law, new evidence, or need to correct clear error or prevent manifest injustice. *See Sussman*, 153 F.R.D. at 694.

## II.    Damages

Turning to the merits of Plaintiffs' instant Motion, the Court finds that Plaintiffs are entitled to the damages they seek.

### a.  FLSA Minimum Wage Damages

Where a defendant fails to factually contest compensation figures alleged under the FLSA, "declarations are sufficient evidence to show the amount and extent of the work [plaintiffs] performed, and [to] provide an adequate basis for damages." *Cassell v. Aldon Bookhardt Roofing, Inc.*, No. 6:10-CV-399-ORL-28KRS, 2010 WL 11626689, at *2 (M.D. Fla. Nov. 18, 2010), *report and recommendation adopted*, No. 6:10-CV-399-ORL-28KRS, 2010 WL 11626690 (M.D. Fla. Dec. 15, 2010). Here, Plaintiff Vinson has submitted a declaration claiming 180 hours of work at the federal minimum wage of $7.25, resulting in $1,305 of unpaid wages, Dkt. 54-1 at 3; Plaintiff Taylor has submitted a declaration claiming 80 hours of work, resulting in $580 of unpaid wages, Dkt. 54-2 at 2; and Plaintiff Goldenberg has submitted a declaration claiming 70 hours of work, resulting in $507.50 of unpaid wages, Dkt. 54-3. Defendant presents nothing to contest these figures beyond his previous denials of the pleadings. Accordingly, Plaintiffs are entitled to summary judgment concerning FLSA minimum wage damages in the amounts provided above. *See Crawford-El*, 523 U.S. at 600 (indicating that finding that the non-moving party must go beyond the pleadings and "identify affirmative evidence" that

creates a genuine factual dispute); *Sussman*, 153 F.R.D. at 694 (noting that a party "may not rest of the mere allegations or denials of her pleadings").

### b. FLSA Liquidated Damages

Under section 216(b) of the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." *See also Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1573 (11th Cir. 1988) (finding that "affected employees shall recover liquidated damages from their employer for violations of the [FLSA]"). A court may decline to award liquidated damages only where an employer shows that it acted in good faith and had reasonable grounds for believing it was not in violation of the FLSA. *See Meeks v. Pasco Cnty. Sheriff*, 688 F. App'x 714, 717 (11th Cir. 2017) (citing 29 U.S.C. § 260). To establish the good faith defense, an employer must demonstrate that it acted with both objective and subjective good faith. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008).

Defendant has not attempted to make a showing of good faith here. Thus, Defendant is liable for liquidated damages under Section 216(b). Plaintiff Vinson is entitled to $1,305 in liquidated damages, Plaintiff Taylor is entitled to $580 in liquidated damages, and Plaintiff Goldenberg is entitled to $507.50 in liquidated damages.

### c. Florida Common Law Damages

Like FLSA damages, a plaintiff's common law unpaid wage damages may be established by sworn declaration where the defendant fails to factually contest the figures contained therein. *See Herzog v. Askins & Miller Orthopaedics*, No. 8:18-CV-2443-T-30CPT, 2019 WL 13184133, at *1 (M.D. Fla. Nov. 19, 2019). In the instant case, Defendant has not contested the figures contained within Plaintiffs' sworn declarations. Plaintiffs are therefore owed the following: (1) Plaintiff Vinson is owed common law damages in the amount of $3,408 ($4,713 in unpaid wages minus $1,305 recovered under the FLSA), Dkt. 54-1 at 3; (2) Plaintiff Taylor is owed nothing in common law damages, Dkt. 54-2 at 2; and (3) Plaintiff Goldenberg is owed $1,032.50 in common law damages ($1,540 in unpaid wages minus $507.50 recovered under the FLSA).

## III. Attorneys' Fees and Costs

Beyond providing for liquidated damages, section 216(b) mandates that, where FLSA plaintiffs prevail, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *See also Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) (noting that "[s]ection 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs"). Plaintiffs request $4,235 in attorneys' fees and $1,024 in costs. Dkt. 54 at 11–13.

### a. Attorneys' Fees

The Court uses the "lodestar" method to determine a reasonable attorneys' fee award. This entails multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The moving party bears the burden of establishing that both the rate(s) and the hours expended are reasonable. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (internal quotation marks omitted). And, in determining hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. "If fee applicants do not exercise billing judgment, courts are obligated to do it for them[.]" *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Ultimately, "the court may then adjust up or down in its discretion depending on various considerations involved in the case." *Gary v. Health Care Servs., Inc.*, 744 F. Supp. 277 (M.D. Ga. 1990), *aff'd sub nom. Gary v. Health Care Serv., Inc.*, 940 F.2d 673 (11th Cir. 1991).

Here, the Court finds $4,250 to be a reasonable fee award. The $350 hourly rate claimed by Plaintiffs' attorney, Amanda Heystek, is a reasonable rate in the Middle District of Florida for a lawyer of her experience and skill. *See Palmer v. JBS Trans LLC,* No. 3:22-CV-1315-HLA-PDB, 2023 WL 5933357, at *7 (M.D. Fla. Aug. 10, 2023) (finding that "an hourly rate of $350 is appropriate" for Ms. Heystek in Jacksonville, Florida). Given the outcome Ms. Heystek has secured for her clients, moreover, 12.10 hours of work cannot be deemed excessive. The Court also notes that Ms. Heystek has properly documented her billed hours and submitted them to the Court in an unrebutted sworn declaration. *See generally* Dkt. 54-5.

**b. Costs**

Costs that may be awarded are those explicitly authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1920 authorizes the taxation of the following costs:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

To recover costs, the prevailing party must present adequate evidence to enable a court to determine the specific costs incurred. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (per curiam). Upon a sufficient showing by the prevailing party, the opposing party "must overcome" the strong presumption in favor of awarding costs. *See Mano Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

Plaintiffs request the following costs: (1) $402 in filing fees; (2) $120 in process fees; and (3) $473 in deposition costs. Dkt. 54 at 12. As an initial matter, the Court finds that all of filing and processing fees claimed by Plaintiffs are taxable. Plaintiffs' $402 filing fee undoubtedly qualifies as "fees of the clerk" under 28 U.S.C. § 1920(1). *See Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-CV-1639-ORL-31KR, 2008 WL 3540374, at *15 (M.D. Fla. Aug. 12, 2008) (accepting recommendation that plaintiff recover filing fees). Additionally, the Eleventh Circuit has held that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921" and that "a district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in § 1921." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The statutory rate for service by

11

the United States Marshal—statutory fees authorized in § 1921—is currently $65.00 per hour. *See* 28 C.F.R. § 0.114(a)(3). Accordingly, because Plaintiff served two parties (Defendant and the Restaurant) at $60 apiece, the entire $120 Plaintiffs expended is therefore taxable as well.

That said, Plaintiffs' deposition costs are not fully recoverable. These costs are broken up into three categories: (1) $175 for a certificate of nonappearance; (2) $73.00 for "Logistics, Processing & Electronic Files; and (3) $255.00 for "Virtual Services." Dkt. 54-5 at 7. While a certificate of nonappearance is taxable, "miscellaneous costs" for "electronic delivery and handling" are not. *Lev esque v. Gov't Emps. Ins. Co.*, No. 15-14005-CIV, 2022 WL 1667409, at *4 (S.D. Fla. Mar. 5, 2022). What is more, Plaintiffs have not explained what "Virtual Services" entail or why $255.00 for virtual services is taxable under section 1920. The Court consequently finds that Plaintiffs have not presented adequate evidence to enable the Court to determine whether this specific cost is properly taxed. *See Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (per curiam). As a result, of their claimed deposition costs, Plaintiffs may recover only the $175 for the certificate of nonappearance.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Plaintiffs' Motion for Summary Judgment as to damages (Dkt. 54) is

   **GRANTED-IN-PART AND DENIED-IN-PART**.

(2) Plaintiff Erica Vinson is individually awarded $6,018.00.

(3) Plaintiff Taylor Taylor is individually awarded $1,160.00.

(4) Plaintiff Mark Goldberg is individually awarded $2,047.50.

(5) Plaintiffs are collectively awarded $4,235.00 in attorneys' fees and

   $696.50 in costs.

(6) The Clerk is directed to enter judgment in favor of Plaintiffs and against

   Defendant Thomas Ortiz in the amounts noted above and close this case.

**DONE AND ORDERED** at Tampa, Florida, on October 4, 2023.

> */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record